## CALVIN HINSON V. THE STATE.

No. 22144. Delivered May 20, 1942.
Rehearing Denied June 24, 1942.

The opinion states the case.

*W. R. Petty*, of Palestine, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by a jury of desertion of two of his children, and sentenced to serve one year in the State prison.

The testimony shows that appellant was the father of six children; he was fifty years old and his wife was forty years old. The oldest child was twelve, Joe Billy by name; Bettie Jean nine; Jerry Jennell seven; Virginia Evelyn five; Calvin Chester four, and Joyce Faye twenty months old. Jerry Jennell had been adopted and lived elsewhere; Virginia lived with appellant's sister; Calvin lived in Dallas; he had also been adopted, and Joyce, the baby, was adopted by a family in Dallas. Joe Billy and Bettie Jean lived with their mother whose headquarters were with her father on a farm near Palestine, and they were the two children named in the indictment as having been deserted by their father.

The facts relate a set of events showing but little, if any, effort upon the part of the father, who was separated from the mother, to make any endeavor of any kind to contribute to any extent to the support and maintenance of these two children. The mother's father was old and infirm, living off of his pension, and sharing it with his daughter and her two children left with her. Appellant owned about 30 acres of land and an interest in 7 other acres, and seemed to be unable or so improvident that he could barely make enough for his own subsistence, leaving no surplus for his children, according to his contention. The State's testimony, however, showing that in the last two years he had given Bettie Jean fifteen or twenty cents and the boy a new pair of overalls; the mother testifying that in the past two years he had sent the children $2.00 and nothing else.

The appellant contended that the boy stayed with him about three months during the summer, and he fed him at such time and bought him some overalls, and that he contributed some groceries to the feeding of the child Virginia, who lives with his sister, the boy also obtaining his meals at such sister's.

The rather voluminous testimony clearly evidences the poor management and poverty of appellant, and the charge of the court required the jury to find beyond a reasonable doubt that appellant was able financially to support and maintain these two children before they could convict him, and unless they did so find beyond a reasonable doubt they should acquit him. The jury listened to the devious dealings in appellant's business transactions, and evidently found where his financial ability exceeded the paltry sum that he had contributed to their support in the past two years, and we do not feel like disturbing their verdict herein.

Misconduct of the jury was alleged and not sustained by a single witness, eleven out of the twelve jurors being questioned relative thereto, the twelfth juror not being accessible.

Appellant was represented by diligent counsel appointed by the court, who is commended for his efforts in representing his unfortunate client. No bills of exceptions are present in the record.

There being no error shown in the record, the judgment is affirmed.

## ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing appellant vigorously asserts that we erred in our original opinion in holding the evidence sufficient to support his conviction for the offense of deserting his children. We have again most carefully reviewed the record in the light of the appellant's contention but remain of the opinion that the case was properly disposed of on the original submission.

The motion is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.